The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | CHAPTER 13 |
| TIMOTHY N. PHILLIPS, SR. & | CASE NO. 02-66299 |
| CINDY L. PHILLIPS | ADV. NO. 09-6109 |
| Debtors. | JUDGE RUSS KENDIG |
| TIMOTHY N. PHILLIPS, SR. & | |
| CINDY L. PHILLIPS | |
| Plaintiffs, | |
| v. | |
| DEUTSCHE NATIONAL TRUST, et al., | **MEMORANDUM OF OPINION** |
| Defendants. | **(NOT FOR PUBLICATION)** |

On March 1, 2010, defendants Deutsche Bank National Trust and Ocwen Loan Servicing ("defendants") filed a motion for leave to answer. This motion is now before the Court.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This proceeding is a core proceeding

under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On October 5, 2009, plaintiffs Timothy N. Phillips and Cindy L. Phillips ("plaintiffs") filed this adversary proceeding. On October 13, 2009, the Court entered an order finding the plaintiffs' complaint to be non-complaint with Federal Rule of Bankruptcy Procedure 7008(a), which requires that a complaint specify whether a proceeding is core or non-core and whether the pleader consents to entry of final orders of judgment by the bankruptcy judge. The plaintiff filed an amended complaint on October 22, 2009.

On October 13, 2009, the Court issued summons on the defendants. On October 26, 2009, the plaintiffs filed notice that summons service had been executed. However, on November 18, 2009, the Clerk's office observed that the summons served by the defendant were not the summons issued by the Court. On December 17, 2009, the defendant filed notice that service of the correct summons had been executed.

On February 2, 2010, the plaintiffs filed an application for default under Federal Rule of Civil Procedure 55(a) as incorporated by Federal Rule of Bankruptcy Procedure 7055. The Clerk's office did not enter a default because of an administrative error. The plaintiffs did not follow up with the Clerk's office or file a motion for default judgment.

On March 1, 2010, defendants filed a motion for leave to answer, and, on March 8, 2010, the plaintiffs filed a memorandum in opposition. On April 8, 2010, defendants' counsel contacted the Court to advise that a settlement was imminent, and on June 3, 2010, plaintiffs' counsel contacted the Court to advise that settlement negotiations had broken down and requested that the Court rule on defendants' motion.

## LAW AND ANALYSIS

Federal Rule of Bankruptcy Procedure 7012 provides that "[i]f a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court." However, Federal Rule of Bankruptcy Procedure 9006 provides that the Court may extend filing deadlines after their expiration where there is a showing of "excusable neglect."

In Pioneer Inv. Serv. Co. v. Brunswick Assocs. P'ship, 507 U.S. 380 (1993), the Supreme Court adopted a liberal interpretation of "excusable neglect." Id. at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or careless, as well as by intervening circumstances beyond the party's control."). In determining whether neglect is excusable the Court should consider all relevant circumstances including the danger of prejudice, the length of the delay, the reason for the delay,

and whether the movant acted in good faith. Id. at 395. An extension might be warranted because of a delay due to settlement discussions. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

The Court will grant the defendants' motion for two reasons. First, it is unlikely that the plaintiffs will be prejudiced by allowing the defendants to respond. This is evidenced by the plaintiffs' reluctance to prosecute their case. If the plaintiffs had filed their complaint and executed summons service properly the first time, they could have received a default judgment in November of 2009. The fact that the plaintiffs first filed an application for default in February of 2010 and failed to follow up on it suggests that the plaintiffs' cause is not very urgent. Second, the parties were involved in settlement discussions and, at one time, believed that the case would settle.

The plaintiffs point out that the defendants' motion merely consists of conclusive assertions of "reasonable diligence" and "irreparable harm." The Court agrees that the defendants' motion is poorly drafted. However, the Court finds that the record as a whole is sufficient to grant the relief requested.

An order will be issued simultaneously with this opinion.

\#    \#    \#

**Service List:**

Timothy N. Phillips, Sr.
244 Frederick St
Lexington, OH 44904

Cindy L. Phillips
244 Frederick St
Lexington, OH 44904

Robert Goldberger
13 Park Ave W
#300
Mansfield, OH 44902

Deutsche National Trust
c/o Christian Niklas
Shapiro Van Ess, Phillips & Barragate
485 Montgomery Rd, Ste 320
Norwood, OH 45212

Christian E. Niklas
Shapiro, Van Ess, Phillips & Barragate
4805 Montgomery Road
Suite 320
Norwood, OH 45212

Ocwen Loan Servicing LLC
c/o Martha Spaner
Shapiro & Felty LLP
1500 W Third St, Ste 400
Cleveland, OH 44113

MTGLQ Investors LP
Attn Lloyd Blankfein
85 Broad St
New York, NY 10004