The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.




Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| TIMOTHY N. PHILLIPS AND | ) CASE NO. 02-66299 |
| CINDY L. PHILLIPS, | ) |
| | ) ADV. NO. 09-6109 |
| Debtors. | ) |
| | ) JUDGE RUSS KENDIG |
| TIMOTHY N. PHILLIPS, SR. AND | ) |
| CINDY L. PHILLIPS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **MEMORANDUM OF OPINION (NOT** |
| | ) **INTENDED FOR PUBLICATION)** |
| DEUTSCHE NATIONAL TRUST, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

Plaintiffs' (or "Debtors") unopposed motion for summary judgment is before the court. They seek a contempt finding against their mortgage company for a violation of the discharge injunction under 11 U.S.C. § 524(i)[1] and Federal Rule of Bankruptcy Procedure 9020.

---

[1] Plaintiffs reference 11 U.S.C. § 528(i) in their complaint, but it is clear that this is in error. Defendants did not take issue with the error.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This adversary is a core proceeding under 28 U.S.C. 157(b)(2). The following constitutes the court's findings of facts and conclusions of law under Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On or about February 18, 2000, Debtors borrowed $155,000.00 from Bank One. The note was secured by a mortgage on the real estate Debtors occupy as their primary residence. Debtors defaulted on the note. On December 30, 2002, Debtors filed a joint chapter 13 petition and proposed to cure the arrearage on the note. The plan was confirmed on May 1, 2003.

The law firm of Reimer & Lorber Co., L.P.A. ("Reimer and Lorber") entered an appearance on behalf of Bank One on April 22, 2003. Litton Loan Service LP, the servicing agent for Bank One, through Reimer and Lorber, filed a proof of claim on April 22, 2003.[2] The total amount of the claim was $170,731.62, at 9.99% interest, including an arrearage claim totaling $18,016.20.

On February 3, 2004, The Law Offices of John D. Clunk were substituted as counsel for Bank One, replacing Reimer and Lorber. Subsequently, the mortgage claim was assigned from Bank One to MTGLQ Investors, L.P. ("MTGLQ") and Ocwen Federal Bank, FSB ("Ocwen FSB"). A notice of the claim transfer was filed with the court on October 28, 2004. As set forth in the Limited Power of Attorney attached to the claim transfer notice, MTGLQ was identified as the Trustee and servicer of the loan "to carry out the intent and purposes of [an agreement] between Goldman Sachs Mortgage Company and Ocwen Federal Bank, FSB." Through the power of attorney, Ocwen was named the attorney-in-fact for MTGLQ.

Debtors completed their chapter 13 plan and received a discharge. The chapter 13 trustee's final report, filed on June 14, 2007, indicates Ocwen was paid $18,016.20 on the arrearage claim and $76,826.40 for the continuing monthly mortgage payments. Debtors' case was closed.

On October 12, 2007, Debtors reopened their case in order to obtain an order from the court deeming the mortgage current. In an order dated June 30, 2008, the court found the

---

[2] Attached to the proof of claim is a note bearing Debtors names and signatures. Following the note, where a copy of the mortgage is generally provided, is a copy of a different note for unrelated parties.

2

mortgage current as of June 30, 2007. The agreed order was signed by Debtors' counsel; Martha Spaner, counsel for MTGLQ and Ocwen FSB; and the trustee. The case was again closed.

On September 2, 2009, Debtors again reopened their bankruptcy case because the mortgage company maintained a default existed on the account. Debtors filed the instant adversary action on October 5, 2009 alleging the defendants were in contempt for violating the discharge order. Deutsche Bank National Trust Company ("Deutsche"), as Trustee for the registered holders of GSAMP Trust 2005-SEA1, Mortgage Pass-Through Certificates, Series 2005-SEA1 ("GSAMP"), filed an answer to the amended complaint. It is not clear how Deutsche came to possess the note and/or mortgage, but in its Motion for Leave to File Answer Instanter, dated March 1, 2010, it admits it "holds a mortgage loan against the property located at 244 Frederick Street, Lexington, Ohio 44904." Deutsche is represented by the law firm of Shapiro, Van Ess, Phillips & Barragate, LLP.

Debtors filed a motion for summary judgment on October 4, 2010. Although Defendant obtained an extension of the deadline to respond to the motion, no response was filed.

## ANALYSIS

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which adopts Federal Rule of Civil Procedure 56 into bankruptcy practice. According to Rule 56(c)(2), summary judgment is granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party bears the initial burden on a motion for summary judgment, tasked with the obligation of "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the movant also bears the burden of persuasion on an issue, this initial showing requires movant to demonstrate all essential elements of its claim. See Prestige Capital Corp. v. Michigan Gage and Mfg., LLC, 2010 WL 2787438 (E.D. Mich. 2010) (reporter citation not yet available); Brixey v. Confer (In re Confer), 277 B.R. 374 (Bankr. S.D. Ohio 2002). Once movant meets its initial burden on a motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). In reviewing a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party. Adickes v. S.H.Kress & Co., 398 U.S. 144, 158-59 (1970).

Although the motion is unopposed, Plaintiffs must demonstrate they are entitled to judgment as a matter of law. This requires a showing not only that the law is in their favor, but that the factual foundation can be construed in their favor. After reviewing the facts presented, the court cannot conclude Debtors succeeded.

Sadly, the Court finds no fault in Debtors' story. Their frustration is evident and this

3

decision in no means discounts the Court's sympathy to their dilemma. The Court is not saying Debtors are not entitled to relief, but they have not demonstrated their right to relief through this motion.

Deutsche admits it holds the mortgage. It is not clear when Deutsche acquired the mortgage. If Deutsche acquired the mortgage after the actions complained of by Debtors, it could not have willfully violated the injunction. Plaintiffs' arguments suggest Ocwen is acting on behalf of Deutsche, which is plausible, but the record is lacking. Debtors motion' is almost entirely focused on actions taken by Ocwen Loan Servicing LLC ("Ocwen").[3] On page one of the motion for summary judgment, Debtors state "Defendant Deutsche Bank National Trust Company and OCWEN Loan Servicing LLC admitted they are parties in interest at the present time," and refer to paragraph six of the answer filed by those parties. This statement is not accurate. The only party that filed an answer was Deutsche. Ocwen has not responded. At no point does Deutsche plead any association with Ocwen. There is absolutely nothing in the record that shows Ocwen is an agent for Deutsche. At this point, the Court has a good foundation for a case against Ocwen, but not against Deutsche.

On review of the record, the court is not satisfied that Ocwen was properly served. The summons was executed to Ocwen at

>Ocwen Loan Servicing
>PO Box 785063
>Orlando, FL 32878

First, pursuant to the claim transfer notice, the last address for MTGLQ/Ocwen in the record is:

>MTGLQ Investors, L.P.
>Ocwen Federal Bank, FSB c/o
>12560 Ingenuity Drive
>Orlando, FL 32826

This is the address used in the heading in a letter dated August 14, 2007. Other Ocwen correspondence contains various addresses, including P.O. Box 24737, West Palm Beach, FL 33416-4737; a correspondence address: Research Department, Ocwen Loan Servicing, L.P., P.O. Box 785035, Orlando, FL 32878-5055; and two payment addresses: 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409 and P.O. Box 6440, Carol Stream, IL 60197-6440. The court cannot find any basis for use of the address utilized by Plaintiffs for service. Additionally, independent research revealed that Ocwen Loan Servicing, LLC has a statutory agent in Ohio.

---

[3] This is the entity sued by Debtors in the amended complaint. The relationship between Ocwen FSB, the entity named in the claim transfer in the main case, and Ocwen Loan Servicing, LLC is not clear, although the court notes that the correspondence provided by Debtors is from Ocwen Loan Servicing LLC.

*See* Exhibit A. Plaintiffs did not serve the statutory agent. Consequently, the court is not convinced Ocwen was afforded due process.

Lastly, MTGLQ was also a named defendant and has not responded to the amended complaint. The motion for summary judgment contains no allegations against MTGLQ, but is against Deutsche as the trustee for GSAMP. As a result, summary judgment against MTGLQ is not well-taken.

## **CONCLUSION**

While Plaintiffs may have a case for violation of the discharge injunction under 11 U.S.C. § 524(i), there are gaps in the record that make granting relief on this motion untenable. First, there is no indication when Deutsche became trustee of the mortgage. Thus, the court cannot determine if it is responsible for any of the acts complained of by Plaintiffs. Second, most of the record contains evidence of actions by Ocwen. There is no connection between Ocwen and Deutsche in the record. Further, Ocwen was not properly served. The motion for summary judgment does not state a case against MTGLQ. Thus, Plaintiffs failed to demonstrate that they are entitled to judgment as a matter of law on the present record.

An appropriate order shall be issued immediately.

#     #     #

**Service List:**

Robert Goldberger
13 Park Ave W
#300
Mansfield, OH 44902

Christian E. Niklas
Shapiro, Van Ess, Phillips & Barragate
4805 Montgomery Road
Suite 320
Norwood, OH 45212

Ocwen Loan Servicing LLC
c/o Martha Spaner
Shapiro & Felty LLP
1500 W Third St, Ste 400
Cleveland, OH 44113

5

09-06109-rk    Doc 32    FILED 12/01/10    ENTERED 12/01/10 11:44:05    Page 5 of 7

MTGLQ Investors, L.P.
Ocwen Federal Bank, FSB c/o
12560 Ingenuity Drive
Orlando, FL 32826

Ocwen Loan Servicing, L.P.
Research Dept.
P.O. Box 785035
Orlando, FL 32878-5055

6

09-06109-rk    Doc 32    FILED 12/01/10    ENTERED 12/01/10 11:44:05    Page 6 of 7

# JENNIFER BRUNNER
## OHIO SECRETARY OF STATE

Home | About | Businesses | Voter Services | Candidates | Elections & Ballot Issues | Other Records | Better Lives |
Voting Rights Institute | Media Center



**BUSINESS FILINGS**
PROMOTING BUSINESS GROWTH

## Business Information

Total Row Count in Report - 1                        Row(s) 1 - 1

| Business Name | Charter / Registration Number | Type | Original Filing Date | Status | Expiration Date | Location / County / State | Agent / Contact Info | Business Filing Info | Prior Business Name Info |
|---|---|---|---|---|---|---|---|---|---|
| OCWEN LOAN SERVICING, LLC | 1324446 | Foreign Limited Liability Company | Jun 17 2002 | Active | | Delaware | Click for Details | Click for Details | Click for Details |

help

Back to Menu



EXHIBIT A